IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYNDA GARCIA,

       Plaintiff,

      vs.                                              Civ. No. 11-119 ACT/WDS

METROPOLITAN LIFE
INSURANCE COMPANY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion") filed July 15, 2011 [Doc. No. 22]. Plaintiff is seeking to add Paul Revere Life Insurance Company ("Paul Revere") and UNUM Group ("UNUM") as defendants. *Id.* Defendant filed a response ("Response") on July 29, 2011 [Doc. 23] and Plaintiff filed a reply ("Reply") on August 11, 2011 [Doc. 27]. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiff's Motion will be granted in part and denied in part.

## FACTUAL BACKGROUND

This case concerns a dispute involving disability insurance coverage. Plaintiff filed a disability claim and began receiving benefits under a disability insurance policy ("Policy") issued to her by MetLife ("Defendant"). After paying benefits under the Policy for a period of time, the Defendant informed Plaintiff she no longer satisfied the terms and conditions of the Policy. Defendant ceased paying Plaintiff disability benefits in January of 2010. Plaintiff filed an administrative appeal with the Defendant and Defendant determined for the second time that Plaintiff was not entitled to further benefits. Plaintiff is asserting claims against the

Defendant for, *inter alia*, breach of contract, insurance bad faith, and violation of the New Mexico Insurance Code.  Defendant asserts that its actions in deciding Plaintiff's claim for disability benefits under the Policy were in good faith, were not unreasonable, unfounded, frivolous, or arbitrary.

## **PROCEDURAL BACKGROUND**

Plaintiff initially filed this case in state court on December 7, 2010.  It was removed by the Defendant to this Court on February 8, 2011, based on diversity jurisdiction.  An Initial Scheduling Conference was set for March 28, 2011, and the parties submitted a Joint Status Report and Provision Discovery Plan on March 21, 2011.  In the parties' Joint Status Report and Provisional Discovery Plan, the parties agreed that Plaintiff could amend her pleadings by June 24, 2011.  *See* Joint Status Report and Provisional Discovery Plan at 2, filed March 21, 2011 [Doc. 10].  By order entered March 29, 2011, the Court adopted the parties' deadlines as its own. *See* Order Adopting Joint Status Report and Provisional Discovery Plan, filed March 29, 2011 [Doc. 12].  The Plaintiff did not seek to have the Court extend those deadlines.

In this Motion, Plaintiff seeks to amend its Complaint to add Paul Revere and UNUM as defendants [Doc. 22].  Plaintiff seeks to add Paul Revere because MetLife contracted with Paul Revere to administer the disability income policy MetLife sold to Plaintiff.  *Id.*  Plaintiff seeks to add UNUM because UNUM is Paul Revere's parent company and asserts it provided the employees to administer Plaintiff's Policy.  *Id.*  Plaintiff claims that Paul Revere and UNUM had control over Plaintiff's claim as policy administrators and as such are proper defendants to this claim.  *Id.* Defendant disagrees that Paul Revere should be named as a defendant because MetLife has the ability to satisfy any potential judgment for bad faith, that the addition of Paul

Revere as a defendant for any extra-contractual claims is "practically" unnecessary, and Paul Revere cannot be held liable for breach of contract and the amendment to the complaint is therefore futile [Doc. 23].  Defendant MetLife disagrees that UNUM should be added as a defendant because MetLife and Paul Revere are able to satisfy any potential judgment and because UNUM was neither the insurer nor the claims administrator for Plaintiff's claim.  *Id.*  Defendant MetLife argues the proposed amendment with respect to UNUM is futile.  *Id.*

## LAW REGARDING MOTIONS TO AMEND

Rule 15 of the Federal Rules of Civil Procedure governs amendments to a plaintiff's complaint. Rule 15(a)(2) provides that after a responsive pleading has been filed: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.2d 1224, 1229 (10th Cir. 2009) (citing *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir.1993)).  It is "well settled" in the Tenth Circuit "that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc*., 3 F.3d at 1365-66 (internal citations omitted). "[P]rejudice to the opposing party need not also be shown." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990).  "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d at 1185 (quoting *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738

3

F.2d 405 (10th Cir.1984)).  The Court may deny amendment if the party learned of the facts upon which its proposed amendment is based and nevertheless unreasonably delayed in moving to amended its complaint.  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir.2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs*., 175 F.3d 848, 859 (10th Cir.1999)).

When a scheduling order governs the pace of the case, amending the complaint after the deadline for such amendments implicitly requires an amendment to the scheduling order, and Rule 16(b)(4) governs changes to the scheduling order. See *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir.2009) (citing Fed.R.Civ.P. 16(b)). Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).  The rule "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Advanced Optics Elecs., Inc. v.. Robins*, 769 F.Supp.2d 1285, 1313 (D.N.M.2010) (Browning, J.).  The Tenth Circuit interprets Rule 16 as imposing a "good cause" standard to untimely motions to amend when a scheduling order governs the case. See *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir.2006). "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d at 1205 n. 4. In *Minter v. Prime Equipment Co.*, the Tenth Circuit recognized a "rough similarity between the 'good cause' standard of Rule 16(b) and our 'undue delay' analysis under Rule 15." *Minter v. Prime Equipment Co. See* 451 F.3d at 1205 n. 4.

## ANALYSIS

Plaintiff argues that granting leave to amend in this case will create no undue prejudice to the Defendant, that the Plaintiff is not acting in bad faith, and that the amendments are not futile.

Plaintiff further argues that with respect to adding UNUM as a defendant, Plaintiff only learned as of July 6, 2011, that Paul Revere did not have any employees and it was UNUM that provided the employees who actually administered Plaintiff's claim. Defendant argues with respect to Paul Revere that Plaintiff knew as early as January 27, 2010, that Paul Revere was the claims administrator for Plaintiff's Policy and has delayed in moving to amend her complaint. Defendant further argues that a breach of contract claim against Paul Revere is futile because Paul Revere is not a party to the underlying disability insurance policy. Defendant argues with respect to UNUM that all claims against it would be futile because UNUM was neither the insurer nor the claims administrator for Plaintiff's claim.

### 1. *Undue Delay in Adding Paul Revere as a Defendant*

Defendant's argument regarding Plaintiff's unreasonable delay in moving to add Paul Revere as a defendant is moot in light of the parties' stipulation that Paul Revere should be added as a defendant. Plaintiff asserts that the parties had already stipulated that Paul Revere should be added as a defendant to this case [Doc. 22 at 2]. In its Response, the Defendant agrees that "MetLife offered to stipulate that Paul Revere was a proper defendant . . ." [Doc. 23 at 3]. In addition, Defendant states that, "Given its role as a claims administrator, Paul Revere is arguably a proper defendant for Garcia's bad faith claim and her claim under the Code." *Id*. The Court will therefore grant Plaintiff's motion to amend the complaint and add Paul Revere as a defendant with respect to statutory and common law bad faith violations.

### 2. *Plaintiff's Breach of Contract Claim Against Paul Revere is Futile*

Defendant argues that Plaintiff's proposed amended Complaint is futile with respect to breach of contract [Doc. 23 at 3], and further states that if the Court allows Plaintiff to add Paul Revere that Plaintiff should be required to "clean up" the allegations and identify MetLife as the

proper Defendant for Plaintiff's breach of contract claim [Doc. 23 at 4].  In Plaintiff's Reply, "Plaintiff agrees that the only proper defendant in the Breach of Contract count is MetLife, and will clarify if allowed to amend[]" [Doc. 27 at 3].   Given the parties' agreement with respect to the futility of a breach of contract claim against Paul Revere, Plaintiff's motion to add a breach of contract claim against Paul Revere is denied.

       3.    *Plaintiff's Claims for Bad Faith and Violation of Insurance Practices Act Against UNUM Are Not Futile*

Plaintiff asserts that UNUM is a proper defendant in this case because UNUM provided the employees who actually administered Plaintiff's claim through its contract with Paul Revere. Plaintiff further asserts that it only learned this fact on July 6, 2011 [Doc. 22].  Plaintiff relies on *Dellaria v. Farmers Ins.*, in which the New Mexico Court of Appeals held as a matter of first impression that "the adjuster/administrator owed duty of good faith and fair dealing to insureds in handling claim[.]" 136 N.M. 552, 555, 102 P.2d 111, 114 (Ct. App. 2004).  *Id.*  Plaintiff further relies on § 59A-16-1 - 20 N.M.S.A. 1978 to support that anyone who adjusts insurance policies is subject to the state's Insurance Practices Act.  *Id.*  Defendant's only argument in response to adding UNUM as a party is that it would be futile because UNUM is neither the insurer nor the claims administrator for Plaintiff's claim [Doc. 23 at 4].  The Defendant admits that UNUM is Paul Revere's parent company [Doc. 23 at 4]; however, it fails to address Plaintiff's assertion that UNUM provided the employees who administered Plaintiff's claim.  If, in fact, UNUM does qualify as a claims administrator in this case, claims against UNUM for statutory and common law bad faith violations would not be futile.  Because the Defendant has failed to show that UNUM did not provide employees to administer Plaintiff's claim, the Court

will grant Plaintiff's motion to add UNUM as a defendant with respect to its statutory and common law bad faith claims.

    4.    *Plaintiff's Breach of Contract Claim Against UNUM is Futile*

Defendant argues that Plaintiff's proposed amended Complaint against UNUM is futile with respect to breach of contract [Doc. 23 at 3], and further states that if the Court allows Plaintiff to add UNUM that Plaintiff should be required to "clean up" the allegations and identify MetLife as the proper Defendant for Plaintiff's breach of contract claim [Doc. 23 at 4]. In Plaintiff's Reply, "Plaintiff agrees that the only proper defendant in the Breach of Contract count is MetLife, and will clarify if allowed to amend[]" [Doc. 27 at 3]. Given the parties' agreement with respect to the futility of a breach of contract claim against UNUM, Plaintiff's motion to add a breach of contract claim against UNUM is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complain [Doc. 22] is granted in part and denied in part. Plaintiff may file her amended complaint consistent with this Order within fifteen (15) days of its entry.

                                              _____
                                              ALAN C. TORGERSON
                                              United States Magistrate Judge,
                                              Presiding by Consent