IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


LYNDA GARCIA,

    Plaintiff,

v.                                                                                 Civ. No. 11-0119 ACT/WDS

METROPOLITAN LIFE INSURANCE CO.,
PAUL REVERE LIFE INSURANCE
COMPANY, and UNUM GROUP,

    Defendants

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Exclude Testimony of Mary Fuller [Doc. 48]. Plaintiff has filed her Response [Doc. 60] and Defendants have submitted their Reply [Doc.63].[1]

For the purposes of this opinion, the Court notes that Plaintiff alleges that Defendants cancelled her disability insurance in bad faith. Plaintiff retained Mary Fuller as a "bad faith" expert in August, 2011. Ms. Fuller timely submitted her expert report [Doc. 49-2] and has been deposed by Defendants. The deadline for expert reports was August 18, 2011 [Doc. 21]. However, on January 11, 2012, Ms. Fuller prepared a "supplemental report," which was not received by

---

[1] "Defendants" are, collectively, Metropolitan Life Insurance Company, Paul Revere Life Insurance Company, and UNUM Group. Individually they are referred to as MetLife, Paul Revere and UNUM. Plaintiff's policy was originally issued by New England Mutual Life Insurance Company, which contracted with Paul Revere to administer claims under disability policies. When MetLife and New England merged in 1996, MetLife became the primary insurer. (Doc. 45 at 1). UNUM is the parent company of Paul Revere. (Doc. 30 at 6). It is unclear whether UNUM provides employees to Paul Revere to administer claims. *Id*. Nevertheless, the Court allowed Plaintiff to submit her Second Amended Complaint to add both Paul Revere and UNUM as defendants to this action. (Doc. 30).

Defendants until it was submitted as an exhibit to Plaintiff's Response [Doc. 60-5]. Defendants request this supplemental report to be stricken. Having reviewed Ms. Fuller's reports and having considered the parties' submissions, the Court finds that Ms. Fuller's testimony would not assist the trier of fact and therefore her testimony will be excluded.

## Factual Background

Plaintiff Lynda Garcia is an orthodontist with a disability policy issued by MetLife. She became disabled and received benefits under the policy from 2004 until 2010, when MetLife discontinued payments. The events leading to the cancellation included a new treating physician who changed Plaintiff's previous diagnosis from "severe cluster headaches" and depression to "nonspecific neck pain." The new physician changed Plaintiff's limitations from "no activity" to "no repetitive motions, no static position." A surveillance report indicated that Plaintiff was not essentially homebound as she reported. Medical reviews indicated that Plaintiff's activities were at odds with her self-reports. Based on the foregoing, MetLife discontinued benefits under the policy. Plaintiff claims Defendants acted in bad faith and has named Mary Fuller as a bad faith expert to testify at trial.

## Expert Testimony

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court has determined that where an expert's "factual basis, data, principles, methods or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co., v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993)).

"First, the court must determine whether the expert is qualified by 'knowledge, skill, experience, training or education' to render an opinion. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006) (quoting Fed.R.Evid. 702).

In *Kumho*, the Court emphasized that a court's inquiry into reliability must be "tied to the facts of a particular case" and in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," *Id*. at 150. The district court has "considerable leeway in deciding in a particular case how to go about determining whether a particular expert's testimony is reliable." *Id*. at 152. Accordingly, a trial court's focus generally should not be upon the precise conclusions reached by the expert, but on the methodology employed in reaching those conclusions. *Daubert*, 509 U.S. at 595.

## Discussion

Defendants argue that Ms. Fuller is not qualified to render an expert opinion on bad faith claims and that her opinion testimony will not assist the trier of fact. It is Ms. Fuller's opinion

> that UNUM, as claims administrator for . . . MetLife, failed to comply with industry standards of good faith and fair dealing and that it failed to investigate the relevant and applicable facts of Dr. Garcia's claim, to fairly consider all information obtained, including that which tends to favor claim payments or continuation as well as that which tends to favor claim declination or termination, to consider the interests of its insured's at least equal to its own and to resolve

3

> indeterminable issues in their insured's favor; To be able to read interpret and understand all of the pertinent medical information with sufficient clarity so as to be able to make a fair, objective and thorough evaluation of their insureds' claims for disability benefits; and its consultants failed to be objective in their assessment of facts.

Report, Doc. 49-2 at 18.

Ms. Fuller's deposition testimony indicates she is not qualified to render medical opinions (Doc. 49-1 at 148:3-21). In addition, she has no experience with claims handling in New Mexico. (*id.* at 153:19-25; 154:1-6)[2] and she has never testified in New Mexico (*id.* at 104:20-22). The bulk of her report summarizes medical records, prior reviews and IMEs by UNUM, most of which were prior to the events in 2009 that led to the termination of benefits.

Ms. Fuller's report is basically a recapitulation, or summary, of all of the events of this case, and her opinions are nothing more than her interpretation of the medical evidence and events. She also gives her interpretation of the steps Defendants took when they made the decision to terminate benefits and finds them inadequate.

Without rendering an opinion as to Ms. Fuller's qualifications, the Court has determined that her testimony will not assist the trier of fact in this case and therefore she will not be allowed to testify. The Court of Appeals for the Tenth Circuit and courts in this district have often rejected bad faith experts because their opinions are unsupported by the facts and they are unfamiliar with claim handling practices in New Mexico. *See, e.g.*, *City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576 (10th Cir. 1998); *Hauff v. Petterson*, 755 F. Supp.2d 1138 (D.N.M. 2010). An expert who

---

[2] In her deposition, Ms. Fuller also acknowledged that she has never handled a disability claim from the "beginning to the end" (*id.* at 74:9-10); that she is not qualified to state opinions regarding the side effects of medication (*id.* at 151:15-16); and that she has never done a vocational analysis (*id.* at 152:11-12).

is not familiar with New Mexico insurance practices will not be allowed to give an opinion on bad faith claim handling.  *Id*.

Most important, Ms. Fuller's opinions will not assist the trier of fact.  *See Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991) (under Fed.R.Civ.P. 702 the touchstone of admissibility is helpfulness to the trier of fact).  When an expert's testimony is offered on an issue that the trier of fact is capable of assessing for itself, the expert's testimony is inadmissible.  *See Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) (in excluding testimony of bad faith expert on the issues of bad faith denial and investigation of insurance claims, the Court concluded the jury was perfectly capable of assessing such issues).

In New Mexico, "[a]n insurer acts in bad faith when 'its reasons for denying or delaying payment of the claim are frivolous or unfounded.'"  *Hauff v. Petterson*, 755 F. Supp.2d 1138, 1145 (D.N.M.) (quoting *Sloan v. State Farm Mut. Auto. Ins. Co.*, 85 P.3d 230, 236 (N.M. 2004)).  "A 'frivolous or unfounded' refusal to pay is 'an arbitrary or [a] baseless refusal,' a refusal recklessly lacking any arguable support in the insurance policy or facts of the case.'"  *Id*. (citing *id*. at 236-37). The testimony of Ms. Fuller will not assist the Court in determining the issue of bad faith.  The Court will decide whether the Defendants' decision to terminate Plaintiff's benefits was appropriate in connection with the breach of contract claim.

IT IS THEREFORE ORDERED that Defendants' Motion to Exclude Testimony of Mary Fuller [Doc. 48] is granted.

                                                       Hon. Alan C. Torgerson
                                                       United States Magistrate Judge