IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYNDA GARCIA,

    Plaintiff,

v.                                      Civ. No. 11-0119 ACT/WDS

METROPOLITAN LIFE INSURANCE CO.,
PAUL REVERE LIFE INSURANCE
COMPANY, and UNUM GROUP,

    Defendants

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion for [Partial] Summary Judgment against MetLife (Doc. 54).[1] Defendants[2] filed their Response (Doc. 57), their Appendix in Support of Defendants' Response (Doc. 58), and their Objections to the Affidavit of Lynda Garcia [Doc. 59]. Plaintiff filed her reply (Doc. 66). For the reasons set forth below, the Motion is denied.

**Factual Background**

Plaintiff Lynda Garcia ("Plaintiff") is an orthodontist with a disability policy issued by MetLife. She received disability payments from 2004 until 2010, when MetLife stated it would

---

[1] Plaintiff's Second Amended Complaint [Doc. 32] asserts two counts against all Defendants. Because this motion for summary judgment is only for breach of contract, it is a for a partial summary judgment. Although Plaintiff named only MetLife in her motion, all Defendants responded and the Court will refer to them collectively.

[2] "Defendants" are, collectively, Metropolitan Life Insurance Company, Paul Revere Life Insurance Company, and UNUM Group. Individually they are referred to as MetLife, Paul Revere and UNUM. Plaintiff's policy was originally issued by New England Mutual Life Insurance Company, which contracted with Paul Revere to administer claims under disability policies. When MetLife and New England merged in 1996, MetLife became the primary insurer. (Doc. 45 at 1). UNUM is the parent company of Paul Revere. (Doc. 30 at 6). It is unclear whether UNUM provides employees to Paul Revere to administer claims. *Id*. Nevertheless, the Court allowed Plaintiff to submit her Second Amended Complaint to add both Paul Revere and UNUM as defendants to this action. (Doc. 30).

discontinue her disability payments after Paul Revere, the claims administrator, determined she was no longer entitled to benefits.

The pertinent facts that are not in dispute are set out fully in the Court's Memorandum Opinion and Order, entered contemporaneously at Doc. 80 **,** and will be briefly summarized here. Harvey Featherstone, M.D. was Plaintiff's treating physician and in 2004 he diagnosed her with "chronic cluster headaches and depression." Dr. Featherstone restricted Plaintiff from any activity. Plaintiff's psychiatrist, Harold Alexander, M.D., diagnosed Plaintiff with a major depressive disorder (single episode) and acute Post Traumatic Stress Syndrome. Based on the medical reports, MetLife begain paying benefits to Plaintiff in 2004. Her physician submitted monthly reports continuing to restrict her from any activities, and Plaintiff's own self-reporting indicated that she stayed home most of the time, with brief excursions to the store and some time for slow walks. She said that light hurt her eyes and sometimes she could not watch TV or use a computer.

In 2009 Dr. Featherstone retired and Plaintiff's new physician, Pamela Black, M.D. diagnosed Plaintiff with nonspecific neck pain and limited Plaintiff's activities to no repetitive motions and no static positions. Around this time a new Paul Revere claims representative took over the handling of Plaintiff's file and ordered a surveillance of Plaintiff's activities. The surveillance indicated that Plaintiff played in a band in some outdoor concerts. Plaintiff's band activities had not been reported to MetLife and, when asked about her daily activities, Plaintiff again indicated she was mostly homebound.

After obtaining additional medical reviews, including failed attempts to find out from Dr. Black the status of Plaintiff's disability, MetLife discontinued benefits under the policy. This decision was based on medical reviews, the surveillance tapes, the lack of a response from Dr. Black, and Plaintiff's inconsistent reports of her activities and disability.

**The Policy Provisions**

The MetLife Policy issued to Plaintiff provides in pertinent part:

"Total disability" means that because of Injury or Sickness:

a. You are unable to perform the important duties of Your Occupation; and

b. You are under the regular and personal care of a Physician.

*Id*. at ¶ 1.

With respect to the continuation of benefits, the Policy provides: "We will pay at the end of each 30 days any benefits due that are payable periodically - subject to continuing proof of loss. *Id*. at ¶ 2.

**Standard for Summary Judgment**

Summary judgment is appropriate only in cases where, looking at the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed.R.Civ.P. 56(c).  An issue of fact is "genuine" if there is sufficient evidence so that a rational trier of fact could find for the non-movant. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). "An issue of fact is 'material if, under the substantive law, it is essential to the proper disposition of the claim.'" *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  The burden is on the movant to show there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325.

**Discussion**

Plaintiff's Motion requests the Court to find that Plaintiff is disabled within the meaning of her disability policy and is incapable of practicing her profession. In support of her motion, Plaintiff argues that although Defendants' experts, Alan Neuren, M.D. and Linda Cowell, M.D., did not find Plaintiff disabled, Plaintiff's expert, Donald Seelinger, M.D., finds Plaintiff is disabled. *See* Plaintiff's Motion [Doc. 54] at ¶¶ 11-14. Plaintiff submits her own affidavit in support of her motion. *See* Doc. 54-2. She outlines her daily and weekly activities, the medication she takes, and how she would be unable to work full time as an orthodontist. *Id.*

Plaintiff's submissions only highlight the fact that this issue is inappropriate for summary judgment. The medical personnel disagree as to the extent, if any, of Plaintiff's disability as defined in the policy. Questions such as whether the insured is partially or totally disabled under a specific policy definition usually require a determination by the finder of fact, and "'[c]ourts typically do not apply contract interpretation as a matter of law (absent a statute) to the determination of the insured's disability." *Sipp v. Unumprovident Corp.*, 2004 WL 1859935, *4 (10th Cir. 2004) (unpublished opinion) (quoting 1 Eric Mills Holmes & Mark S. Rhodes, Appleman on Insurance § 1.27 at 138 (2d ed. 1996). And, "[w]here different, ultimate inferences may be drawn from the evidence presented by the parties, the case is not appropriate for summary judgment." *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1322-23 (10th Cir. 1987).

"In general, summary judgment is not advisable in situations in which there is a conflict in expert testimony, even when the evidence leans one way." *Sipp*, 2004 WL 1859935, *4. At the summary judgment stage, the court cannot weigh the evidence or rule on the credibility of witnesses. *Zuchel v. Spinharney*, 890 F.2d 273, 275 (10th Cir. 1989).

4

Resolution of the issues in this case will turn on the credibility of the Plaintiff and the evaluation of the conflicting medical testimony presented by both sides. As such, the issue of whether Defendants breached the contract of insurance is unsuitable for summary judgment.

IT IS THEREFORE ORDERED that Plaintiff's Motion for [Partial] Summary Judgment against MetLife (Doc. 54) is denied.

Hon. Alan C. Torgerson
United States Magistrate Judge